**FIRST NAT. BANK et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7956.

Circuit Court of Appeals, Sixth Circuit.

Nov. 8, 1939.

142

F. E. Hagler, of Memphis, Tenn., for petitioners.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

## HAMILTON, Circuit Judge.

This appeal involves a deficiency in income taxes for the calendar year 1929 found by the Board of Tax Appeals to be due from the estate of R. R. Ellis. The applicable statute is the Revenue Act of 1928, Section 22, Ch. 852, 45 Stat. 791, 797, 26 U.S.C.A. § 22, which provides, among other things, that "gross income" includes gains in whatever form paid from dealings in property.

The Van Fleet-Ellis Corporation of Delaware had an authorized capital stock, all common, of 50,000 shares, of which R. R. Ellis owned 15,905 shares and the Van Fleet family owned a majority. McKay Van Fleet and Ellis were its organizers and each had a contract with the corporation to receive a yearly salary of $25,000, Ellis as Chairman of its Board and Van Fleet as President, the former with voting power equal to that of the Van Fleet family during the life of the contract.

On May 6, 1929, the Van Fleet-Ellis Corporation and its stockholders granted to McKesson & Robbins, a Maryland corporation, an option to acquire all of its assets except its real estate in Memphis, Tennessee, and all of the stock of its stockholders.

Ellis' contract of employment was to be terminated if and when the option was exercised, Van Fleet's to continue. As an inducement to Ellis to consent to the sale, Van Fleet, on May 16, 1929, agreed to pay him $50,000 on its consummation.

Prior to August 31, 1929, McKesson & Robbins notified the Van Fleet-Ellis Corporation its option would be closed not later than January 31, 1930, subject to numerous conditions such as the valuation of assets, verification of earnings, transfer of the real estate of the old corporation to a new one and a deposit by its stockholders of the stock of the corporation with a depository and an agreement of Van Fleet and Ellis that neither would directly or indirectly engage in a competing business for a period of five years in any place where the Van Fleet-Ellis Corporation had previously done business.

On September 16, 1929, Ellis surrendered 7,880.91 of his shares of stock for which he was paid $250,000, together with six percent interest thereon from June 30, 1929, to September 15, 1929, at which time he was to submit his resignation as Chairman of the Board of Directors. However, he refused to do this until the $50,000 provided in the agreement of May 16, 1929, was paid him. Thereupon Ellis and Van Fleet entered into a supplemental contract under which Van Fleet agreed to and did execute to Ellis his non-interest bearing note of $50,000 payable January 31, 1930, provided the McKesson & Robbins' sale was consummated.

During the calendar year 1929, Ellis discounted this note for $49,241.67 but reported none of it in his 1929 income tax return. He died May 23, 1930, and his executors included all of this sum in income for the calendar year 1930.

McKesson & Robbins completed its purchase in 1930. The Commissioner of In-

ternal Revenue on audit and review included in Ellis' return for 1929 the proceeds of the note and was sustained by the Board of Tax Appeals, from which order petition for review was filed. The petitioners insist that the proceeds of the note were taxable in 1930, the date paid by Van Fleet, which is the sole issue on appeals.

Cash, or its equivalent, received in a profitable transaction is income the year of receipt unless its title is subject to a substantial contingency and where the question arises, each case must be adjudicated on the facts peculiar to it. It is settled law that if a taxpayer derives a profit without restriction as to its disposition it is income even though there is a contingency which may require him to restore its equivalent in a later year. Burnet v. Sanford & Brooks Company, 282 U.S. 359, 365, 51 S. Ct. 150, 75 L.Ed. 383; North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 76 L.Ed. 1197; Commissioner of Internal Revenue v. R. J. Darnell, Inc., 6 Cir., 60 F.2d 82.

The proceeds of the note received by petitioners' testator was gross income in the calendar year 1929. As to it, there were the contingencies that petitioners' testator would have to repay at maturity if the maker failed or McKesson-Robbins did not consummate its purchase of the assets of the Van Fleet-Ellis Corporation, but these contingencies did not affect its quality as income and neither happened.

The right of petitioners' testator to this income was absolute when received, as he was under no restrictions as to its disposition, use or enjoyment. Brown v. Helvering, 291 U.S. 193, 205, 54 S.Ct. 356, 78 L. Ed. 725.

The order of the Board is affirmed.